UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KEITH CRUCE,

            Plaintiff,

                                          CASE NO. 2:09-CV-11523

v.                                    HONORABLE VICTORIA A. ROBERTS

MICHIGAN DEPT. OF CORR, et al.,

            Defendants.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT**
**AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**

**I.**      **Introduction**

      Keith Cruce ("Plaintiff"), a state prisoner convicted at the Parnall Correctional Facility in Jackson, Michigan has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, as well as a motion for appointment of counsel. Plaintiff has been granted leave to proceed *in forma pauperis* for this action. In his complaint, Plaintiff states that he slipped and fell on any icy prison yard walkway and suffered a broken leg in November, 2008. He alleges a violation of his Eighth Amendment rights and a state law tort claim for criminal negligence. Plaintiff names the Michigan Department of Corrections ("MDOC"), MDOC Director Patricia Caruso ("MDOC Director"), and Warden Sherry Burt ("Warden") as the defendants in this action. He seeks compensatory and punitive damages, and other appropriate relief.

      Having reviewed the complaint, the Court dismisses Plaintiff's civil rights claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted under § 1983 and on the basis of immunity. Given this determination, the Court

1

declines to exercise supplemental jurisdiction over his state tort claim and denies his motion for appointment of counsel. The Court also concludes that an appeal from this decision cannot be taken in good faith.

**II.**   **Discussion**

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. §§ 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

This Court is aware that a *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Despite the liberal pleading standard accorded

*pro se* plaintiffs, the Court finds that Plaintiff's complaint is subject to dismissal.

      A.     <u>Eighth Amendment Claim</u>

Plaintiff alleges a violation of his Eighth Amendment rights arising from his slip and fall on an icy prison yard walkway in November, 2008 which resulted in a broken leg injury. Plaintiff asserts that he spoke to an unidentified prison yard officer concerning the possibility of getting the walkway shoveled or salted prior to his accident.

A prisoner raising an Eighth Amendment claim for inhumane conditions of confinement must meet objective and subjective requirements in order to establish a constitutional violation. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994). First, the failure to protect from risk of harm must be objectively "sufficiently serious." *Id*. To meet this requirement, the prisoner must show that "he is incarcerated under conditions posing a substantial risk of serious harm." *Id*. Second, the prisoner must allege "more than ordinary lack of due care" for his safety. *Id*. at 835. The prisoner must show that the prison official acted with "deliberate indifference" to a substantial risk of harm. The prisoner must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id*. at 837.

Plaintiff has failed to allege facts sufficient to state such an Eighth Amendment claim. While an icy prison yard walkway presents the possibility for an inmate to slip and fall, it does not pose a substantial or excessive risk of serious harm. *See Brown v. Lafler*, No. 07-14955, 2008 WL 4937951, *2 (E.D. Mich. Nov. 13, 2008) (Cohn, J. adopting magistrate judge's report finding that prisoner's complaint of injury arising from failure to clear icy prison walkway did not state an Eighth Amendment claim). Federal courts have consistently held that icy walkways

3

and slippery prison floors do not give rise to a constitutional violation. *See White v. Tyszkiewicz*, 27 Fed. Appx. 314, 315 (6th Cir. 1994) (affirming dismissal of prisoner's civil rights complaint arising from slip and fall on ice); *accord Atkins v. Sheriff's Jail Avoyelles Parish*, 278 Fed. Appx. 438, 439 (5th Cir. 2008) (upholding dismissal of slip and fall complaint as frivolous and for failure to state a claim); *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (ruling that plaintiff failed to show that standing water problem known to prison officials posed substantial risk of serious harm); *Bell v. Ward*, 88 Fed. Appx. 125, 127 (7th Cir. 2004) (wet floors do not pose a substantial risk of serious harm); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors...do not even state an arguable claim for cruel and unusual punishment"). As explained by another court, "[s]imply put, a slip and fall, without more, does not amount to cruel and unusual punishment....Remedy for this type of injury, if any, must be sought in state court under traditional state tort law principles." *Reynolds*, 370 F.3d at 1031 (quoting *Mitchell v. West Virginia*, 554 F. Supp. 1215, 1217 (N.D. W.Va. 1983)).

Furthermore, while Plaintiff states that he asked an unidentified prison yard officer about shoveling or salting the walkway, he has not shown that the officer acted with deliberate indifference in failing to respond to his request. At best, he has shown that the officer was negligent, which fails to state a claim under § 1983. *See Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-28 (1992); *see also White,* 27 Fed. Appx. at 315 (affirming dismissal of prisoner's civil rights complaint arising from slip and fall on ice where complaint at most alleged that defendants were negligent); *Swartz v. Hurt*, 954 F.2d 725, 1992 WL 21557, *1 (6th Cir. 1992) (prisoner failed to state a claim for deliberate indifference based upon slip and fall injury arising from wet floor even though defendants knew about leaky heater). Plaintiff's Eighth Amendment claim must therefore be dismissed.

4

B.     Respondeat Superior Liability

Additionally, and alternatively, Plaintiff's civil rights claim must be dismissed because he has failed to allege facts showing the personal involvement of the MDOC, the MDOC Director, and the Warden – the only named defendants – in the events giving rise to his complaint.  It is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of *respondeat superior* liability.  *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *see also Turner v. City of Taylor*, 412 F.3d 629, 643) (6th Cir. 2005) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).  Plaintiff has not done so.  He has not alleged facts which indicate that the MDOC, the MDOC Director, or the Warden violated his constitutional rights.  Any claim that the defendants failed to properly supervise a corrections employee, should be vicariously liable for the employee's action or inaction, or did not respond to the situation is insufficient to state a claim under § 1983.  Plaintiff has also not alleged facts showing that his injury was the result of any MDOC or prison custom, policy, or regulation, or that any improper conduct arose from the MDOC's deliberate failure to adequately investigate, train, or supervise its employees.  *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims).  Conclusory allegations are insufficient to state a civil rights claim under § 1983.  *See, e.g., Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003).  Plaintiff has thus failed to state a claim against the MDOC, the MDOC Director, and the Warden such that his complaint must be dismissed.

C.     Eleventh Amendment Immunity

The Court further finds that Plaintiff's claims against the MDOC, and the MDOC

Director and the Warden in their official capacities, are also subject to dismissal based upon Eleventh Amendment immunity. The Eleventh Amendment provides immunity to a state and its agencies from suit in federal court unless the state expressly waives immunity or Congress clearly abrogates the Eleventh Amendment in legislation designed to enforce the Fourteenth Amendment. *See Welch v. Texas Dep't. of Highways and Public Transp.*, 483 U.S. 468, 472-74 (1987). As Congress did not abrogate the Eleventh Amendment when enacting § 1983, neither a state, a state agency, nor a state official sued in his official capacity is a "person" subject to suit under § 1983. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 66-71 (1989). Unless immunity is expressly waived, a state and its agencies are immune from an action for damages and injunctive relief. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100-01 (1984); *Thiokol Corp. v. Dep't. of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993). The United States Court of Appeals for the Sixth Circuit has expressly held that the MDOC is immune from suit under the Eleventh Amendment. *See Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, *2 (6th Cir. Nov. 1, 2000) (unpublished); *Ritchie v. Michigan Dept. of Corr.*, 826 F.2d 1065, 1987 WL 38524, *1 (6th Cir. 1987) (unpublished). Plaintiff's claims against the MDOC, and the MDOC Director and the Warden in their official capacities, must therefore be dismissed on this basis as well.

        D.    <u>State Law Tort Claim</u>

Plaintiff also raises a state law claim for criminal negligence in his complaint. The Court, in its discretion, may agree or decline to hear pendent state claims when all federal claims are dismissed. *See, e.g., United Mine Workers v. Gibb*, 383 U.S. 715, 725-26 (1966); *Province v. Cleveland Press*, 787 F.2d 1047, 1055 (6th Cir. 1986). However, such discretion has been characterized as minimal. *Province*, 787 F.2d at 1055. Only when there exists "overwhelming

6

interests in judicial economy" that outweigh the interest in avoiding needless state law decisions may a district court exercise its discretion to decide pendent state claims. *Id.* No such interests exist in this case. Because the Court now dismisses Plaintiff's federal claims, the Court declines to retain jurisdiction over any state law claims.

### III.   Conclusion

Based upon the foregoing analysis, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and that the MDOC, and the MDOC Director and the Warden in their official capacities, are entitled to Eleventh Amendment immunity. Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's federal civil rights claims. This dismissal is without prejudice as to Plaintiff's state law tort claim and the Court makes no determination as to the merits of that claim. Given this determination, the Court **DENIES** Plaintiff's motion for appointment of counsel.

Lastly, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS ORDERED.**

S/Victoria A. Roberts_____
Victoria A. Roberts
United States District Judge

Dated:  May 15, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record and Keith Cruce by electronic means or U.S. Mail on May 15, 2009.

s/Carol A. Pinegar_____
Deputy Clerk

7